# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| WILLIAM GARY EASTMAN, ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | CAUSE NO.: 2:16-CV-96-JEM |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff William Gary Eastman on March 16, 2016, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 21], filed by Plaintiff on November 3, 2016. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On January 24, 2017, the Commissioner filed a response, and on February 3, 2017, Plaintiff filed a reply. For the following reasons, the Court grants Plaintiff's request for remand.

**I.   Background**

On March 2, 2012, Plaintiff filed an application for benefits alleging that he became disabled on February 25, 2012. Plaintiff's application was denied initially and upon reconsideration. On June 16, 2014, Administrative Law Judge ("ALJ") John K. Kraybill held a video hearing at which Plaintiff, Plaintiff's mother, a medical expert, and a vocational expert ("VE") testified. On November 10, 2014, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant met the insure status requirements of the Social Security act through December 31, 2016.

2. The claimant has not engaged in substantial gainful activity since February

25, 2012, the alleged onset date.

3. The claimant has severe impairments: degenerative disc disease and degenerative joint disease, lumbar spine; degenerative joint disease, left knee; and seizure disorder.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) with the additional limitations that the claimant can: lift and carry up to 20 pounds occasionally, 10 pounds frequently; stand and/or walk about 6 hours in an 8-hour workday; sit for about 6 hours in an 8-hour workday; and push and/or pull to include operations of hand/foot controls with the bilateral upper and lower extremities as restricted by the limitations on lifting and/or carrying subject to the environmental limitations of avoiding all exposure to unprotected heights.

6. The claimant is capable of performing past relevant work as a bagger. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant has not been under a disability, as defined in the Social Security Act, from February 25, 2012, through the date of this decision.

On January 19, 2016, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by

substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55

F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

**III.  Analysis**

Plaintiff argues that the ALJ failed to ensure a valid waiver of counsel, failed to develop a full and fair record, and failed to draw a logical bridge between his conclusions and the RFC. The Commissioner argues that the ALJ obtained a valid waiver and his opinion is supported by substantial evidence.

    A.    <u>Waiver of Counsel</u>

Plaintiff argues that the ALJ failed to develop a full and fair record and did not ensure a valid waiver of counsel. The Commissioner argues that the written documents provided to Plaintiff before the hearing were sufficient to ensure waiver and the ALJ developed a full and fair record.

"A claimant has a statutory right to counsel at a disability hearing," but that right is waivable. *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994) (citing 42 U.S.C. § 406, 20 C.F.R. 404.1700; *Thompson v. Sullivan*, 933 F.2d 581, 584 (7th Cir. 1991)). The Seventh Circuit Court of Appeals has required the ALJ to explain three things to a pro se claimant "[t]o ensure a valid waiver of counsel[:] . . . (1) the manner in which an attorney can aid in the proceedings, (2) the possibility of

4

free counsel or a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of the fees." *Binion v. Shalala*, 13 F.3d at 245. "While a claimant represented by counsel is presumed to have made his best case before the ALJ, no such presumption attaches to an unrepresented claimant." *Skinner v. Astrue*, 478 F.3d 836, 84142 (7th Cir. 2007) (citing *Sears v. Bowen*, 840 F.2d 394, 402 (7th Cir.1988)). Accordingly, when somone "proceeds without counsel, an ALJ has a duty to 'probe[ ] the claimant for possible disabilities and uncover[ ] all the relevant evidence.'" *Mallett v. Barnhart*, 81 F. App'x 580, 582 (7th Cir. 2003) (quoting *Binion v. Shalala*, 13 F.3d at 245); *see also Nelson v. Apfel*, 131 F.3d 1228, 1235 (7th Cir. 1997) ("when the claimant is unrepresented by counsel, the ALJ has a duty to 'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts'") (quoting *Thompson*, 933 F.2d at 585).

Some of the factors a court will consider when determining whether an ALJ has developed the record include:

> (1) whether the ALJ obtained all of the claimant's medical and treatment records; (2) whether the ALJ elicited detailed testimony from the claimant at the hearing (probing into relevant areas, including medical evidence on the record, medications, pain, daily activities, the nature of all physical and mental limitations, etc.), and (3) whether the ALJ heard testimony from examining or treating physicians.

*Ferguson v. Barnhart*, 67 F. App'x 360, 367 (7th Cir. 2003). Plaintiff argues that the ALJ failed to adequately question Plaintiff about his impairments and symptoms. In particular, he did not ask Plaintiff about his difficulties with movement and did not ask any follow up questions about his report of recent seizures. In addition, Plaintiff argues that the ALJ failed to specifically question the medical expert about Plaintiff's impairments, but allowed the ME to ask Plaintiff about medical

5

treatment records, including questions about issues which were well-documented in the record but which the ME stated he could not find.

Review of the hearing transcript reveals that the entire hearing was less than forty minutes long, did not include testimony from an examining or treating physician, and the ALJ only asked a few questions of Plaintiff regarding his physical limitations and no questions about his mental limitations. Especially in combination with the other inadequacies of the ALJ's opinion, discussed below, the Court concludes that the ALJ failed to develop the record and uncover the relevant evidence.

      B.      <u>Residual Functional Capacity</u>

Plaintiff argues that the ALJ did not adequately explain why a number of Plaintiff's alleged limitations were rejected. The Commissioner argues that the ALJ properly evaluated Plaintiff's complaints.

The RFC is an assessment of what work-related activities the claimant can perform despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); *see also* 20 C.F.R. §§ 404.1545(a)(1); 416.1545(a)(1). In evaluating a claimant's RFC, an ALJ is expected to take into consideration all of the relevant evidence, including both medical and non-medical evidence. *See* 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3). Although an ALJ is not required to discuss every piece of evidence, he must consider all of the evidence that is relevant to the disability determination and provide enough analysis in his decision to permit meaningful judicial review. *Clifford*, 227 F.3d at 870; *Young,* 362 F.3d at 1002. In other words, the ALJ must build an "accurate and logical bridge from the evidence to his conclusion." *Scott*, 297 F.3d at 595 (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)).

The ALJ mentioned briefly that Plaintiff's combination of impairments "did not meet or medically equal any listing in particular." AR 20. He then described each of Plaintiff's physical disorders individually, but did not describe how the physical impairments may interact or the effect the combination of Plaintiff's physical and mental impairments have on his ability to work. "Although [] impairments may not on their own be disabling, that would only justify discounting their severity, not ignoring them altogether. Moreover, . . . an ALJ must consider the combined effects of all of the claimant's impairments, even those that would not be considered severe in isolation." *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009); *see also Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011) ("Even if each problem assessed separately were less serious than the evidence indicates, the combination of them might be disabling."); *Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008) ("[A]n ALJ is required to consider the aggregate effects of a claimant's impairments, including impairments that, in isolation, are not severe.") (citing 20 C.F.R. § 404.1523; *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003)).

In this case, the ALJ noted significant mental health treatment and found that plaintiff had mild limitation in social functioning and mild limitation in concentration, persistence or pace. The ALJ gave great weight to the reviewing agency physicians' opinion that Plaintiff's mental impairments were not severe, and did not include any mental limitations in the RFC. Although the ALJ need not specifically include every limitation alleged by Plaintiff in the RFC, he must consider the combination of impairments and explain how he incorporated all of symptoms and limitations into the RFC. "In determining an individual's RFC, the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009) (citing SSR

7

96-8p, 1996 WL 374184 (Jul. 2, 1996)); *Golembiewski*, 322 F.3d at 917). Despite finding that Plaintiff suffered from limitations in social functioning and concentration, persistence, or pace, and noting Plaintiff's long history of psychiatric treatment, including hospitalization and medication, the ALJ failed to incorporate any mental limitations into the RFC without explanation and failed to address the combination of Plaintiff's mental and physical impairments. Instead, the RFC only addresses Plaintiff's physical abilities and work environment and does not include any additional restrictions, without explanation, despite the clear mental limitations in the record. *See Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009) (rejecting the contention "that the ALJ accounted for [the plaintiff]'s limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public"); *Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008) (limitation to unskilled work did not account for limitations in concentration, pace, and mood swings); *Young*, 362 F.3d at 1004 (concluding that a limitation of "simple, routine, repetitive, low stress work with limited contact with coworkers and limited contact with the public" was inadequate to take into account the claimant's limitations).

The ALJ also failed to thoroughly explain how he weighed Plaintiff's reports of his physical limitations and how he incorporated them into the RFC. Plaintiff testified that he is unable to walk more than half of a block, needs a cane, and tends to fall when walking, yet none of these limitations were incorporated into the RFC. The ALJ noted that Plaintiff and his mother both reported his inability to walk more than half a block and frequent falling, but stated that "there were no treatment notes from . . . emergency room visits" after a fall and "no treating physician had opined the claimant was unable to leave his home alone because of the chance he might fall or that fall precautions needed to be implemented in his home for safety." AR 27. Despite noting Plaintiff's

8

extensive history of medical treatment and emergency treatment for at least one past fall earlier in the opinion, the ALJ disregarded these limitations for failure to be "substantiated by objective medical evidence."

To the extent that the ALJ disbelieves Plaintiff's falls because of lack of treatment for them, not only is that an inaccurate report of medical records that the ALJ himself cites, but the Regulations provide that an ALJ "will not find an individual's symptoms inconsistent with the evidence in the record . . . without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints" and the ALJ must "explain how [he] considered the individual's reasons in [his] evaluation of the individual's symptoms." SSR 16-3p, 2016 WL 1119029, at *8 (Mar. 16, 2016).[1] In considering a claimant's treatment history, the ALJ "may need to contact [the claimant] regarding the lack of treatment or, at an administrative proceeding, ask why he or she has not complied with or sought treatment in a manner consistent with his or her complaints." *Id*.; *see also Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016) ("[T]he ALJ concluded from [the plaintiff]'s gap in treatment . . . that her symptoms were not as severe as she alleged, but, as noted, he did not explore her reasons for not seeking treatment, another error."); *Craft*, 539 F.3d at 679 ("[T]he ALJ 'must not draw any inferences' about a claimant's condition from this failure unless the ALJ has explored the claimant's explanations as to the lack of medical care.") (quotation omitted). In this case, the ALJ did not question Plaintiff

---

[1] SR 16-3p, which superseded SSR 96-7p, became effective on March 28, 2016, well after the ALJ issued her opinion. However, SSR 16-3p, by its own terms, was a clarification of existing law rather than a substantive change. *See* SSR 16-3p, 2016 WL 1237954, at *1 (Mar. 24, 2016) (setting SSR 16-3p's effective date); SSR 16-3p, 2016 WL 119029, at *1 (Mar. 16, 2016) (noting that the purpose of 16-3p was to "clarify that subjective symptom evaluation is not an examination of an individual's character" by "eliminating the use of the term 'credibility' from [the SSA's] sub-regulatory policy"); *see also Qualls v. Colvin*, 14-CV-2526, 2016 WL 1392320, at *6 (N.D. Ill. Apr. 8, 2016). A court reviewing an ALJ's decision may apply a new SSR where the new regulation is a clarification of rather than a substantive change to existing law. *Pope v. Shalala*, 998 F.2d 473, 482-483 (7th Cir. 1993), *overruled on other grounds by Johns v. Apfel*, 189 F.3d 561 (7th Cir. 1999).

9

or Plaintiff's mother about what he concluded were inadequate treatment or missing treatment records. It also appears that the ALJ searched the record for evidence that supported his opinion and left other reported limitations out of the RFC without explanation. For example, Plaintiff used a cane, but the RFC does not include any limitation for cane use, and the ALJ failed to mention medical reports that, for example, indicated that Plaintiff had trouble getting on and off the examining table. These lapses and logical inconsistencies leave the Court unable to conclude that the ALJ's opinion is well-supported. "An ALJ cannot rely only on the evidence that supports her opinion." *Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014) (quoting *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013)); *see also Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("[T]he ALJ identified pieces of evidence in the record that supported her conclusion that [the plaintiff] was not disabled, but she ignored related evidence that undermined her conclusion. This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence."); *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."). Although medical evidence "may be discounted if it is internally inconsistent or inconsistent with other evidence," *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995) (citing 20 C.F.R. § 404.1527(c)) (other citations omitted), the ALJ "must provide a 'logical bridge' between the evidence and his conclusions." *O'Connor-Spinner*, 627 F.3d at 618.

There is no such logical bridge here. The ALJ failed to adequately develop the record at the hearing and in explaining how Plaintiff's limitations were fully incorporated into the RFC, alone and in combination, including addressing the relevant medical evidence that supports Plaintiff's

allegations.

**IV. Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 21] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 29th day of March, 2017.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record